**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY DEVEL STEWART,

      Petitioner,               Civil No. 2:15-CV-11843
                                    HONORABLE GERALD E. ROSEN
v.                               UNITED STATES DISTRICT JUDGE

THOMAS MACKIE,

      Respondent,
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR A STAY OF THE**
**WRIT OF HABEAS CORPUS PENDING APPEAL AND GRANTING THE**
**MOTION TO SEAL THE PRE-SENTENCE INVESTIGATION REPORT**

      This matter is before the Court on respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner and the motion to seal the pre-sentence investigation report. For the reasons stated below, the motions are **GRANTED.**

      Larry Devel Stewart, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree felony murder, armed robbery, conspiracy to commit armed robbery, and felony-firearm. On July 12, 2016, this Court granted petitioner a writ of habeas corpus, finding that petitioner was denied his due process right to a fair trial by the pervasive and flagrant misconduct of the prosecutor

1

throughout the trial. *Stewart v. Mackie,* ----- F. Supp. 3d----; No. 2:15-CV-11843, 2016 WL 3682914 (E.D. Mich. July 12, 2016).

On August 9, 2016, respondent filed a notice of appeal from the Court's order granting habeas relief.

Respondent has also now filed a motion for a stay pending appeal and a motion to seal the pre-sentence investigation report.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

2

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

Although this Court disagrees with respondent's claim that he has made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court will grant respondent a stay pending appeal.  In the present case, petitioner is serving a nonparolable life sentence.  Although petitioner may suffer injury from his continued confinement pursuant to a conviction that this Court has found to be constitutionally infirm, "it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454 Fed. Appx. 475 (6th Cir. 2012).  Accordingly, the Court will grant respondent's motion for stay pending appeal.

3

Respondent also filed a motion to seal the pre-sentence investigation report from petitioner's sentencing.

A federal court has the power to seal records when the interests of privacy outweigh the public's right of access to those records. *See Ashworth v. Bagley,* 351 F. Supp. 2d 786, 789 (N.D. Ohio 2005)(internal citation omitted). State law dictates that the contents of a pre-sentence investigation report be kept confidential. *See* 1991 Staff Comment to M.C.R. 7.212. The Court will grant the motion to seal.

### ORDER

IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. # 13] is GRANTED.

IT IS FURTHER ORDERED that the Motion to Seal [Dkt. # 14] is GRANTED.

s/Gerald E. Rosen
United States District Judge

Dated: September 14, 2016

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

5